Good morning, and please support. My name is David Schlesinger. I represent the appellant Grady Myers. With the Court's indulgence, I'd like to predominantly spend my time focusing on our second issue, which is the Section 3B.1.2 minimal and minor role issue. And then time permitting, perhaps… I do want to hear what you have to say, but it wasn't clear to me. Are these issues stacked, or are they… If you succeed on, let's say, the first issue, does this issue become moot? Or does Wood on Riemann, would the second issue still be relevant? When you're referring to the second issue, are you referring to the order in the brief or the order I'd like to address today, Your Honor? The order in the brief. The issue you're going to address today, would that get mooted out if we ruled in your favor on the first issue? Your Honor, if the Court does determine that the plea agreement had been breached, the case would then, as this Court has long held in cases such as Iridia Morales and Whitney, it would be reassigned to a different district judge for re-sensing. Well, that's right. But the question then is, would, in that re-sensing, would the adjustment still be an issue? It would still be an issue, Your Honor, because the Court would then need to recalculate the guidelines range. And would play a role. So then we should resolve the second issue regardless. Our position, Your Honor, is that both issues should be adjudicated, even if the Court decides that the district court had erred in its minimal and minor role analysis. There would still then need to be a — Wait. If you have a breach of the plea agreement, that's your first issue? That's the first issue in the brief. But he wasn't going to talk about that. He was going to talk about the second issue. But the Court's indulgence, of course. And I just want to know, if we rule — I'm not saying we will, but were we to rule in your favor on the breach of the plea agreement, would the second issue still matter? I think it would, Your Honor, because — I mean, it wouldn't matter in terms of this appeal in the sense that they would — that case would have to vacate for re-sentencing. But the question then becomes, is the adjustment still an issue on remand? We believe it still would be, Your Honor, because — We're holding that there was a breach of the plea agreement. What happens then? Is the plea agreement invalidated? Do we withdraw the plea agreement? Do we enforce the plea agreement? What happens if — to Judge Kuczynski's question — what happens if we rule there's a breach of the plea agreement? What is the remedy for that? The remedy, Your Honor, is — your opinion and Whitney's specified, and as this Court's also specified, and already Morales' is for the plea agreements remain intact, but the case would be reassigned to a different district judge for sentencing. So the plea is still a valid plea? Yes, we're not attempting to withdraw from the plea altogether. So then all you are asking for is that he be re-sentenced? That's correct, Your Honor. Okay. Either before a different district judge or if the Court only addresses the minor, minimal role issue, presumably for the same district judge, although we do submit, as we noted in citing United States v. Kwok and United States v. Rivera, that there could be interest in this case given the district court's very strident views about my client's conduct that it should nevertheless be reassigned to a different district judge, even if this Court determines that the plea agreement had not been breached under — And what happens at that point? Would the district judge — new district judge get the same information this district judge got? We would submit, Your Honor, that the government should be precluded from making the kinds of strident, inflammatory arguments that it did in its sentencing memorandum and at the sentencing hearing. So essentially there should be a complete redo of the sentencing proceedings. There are two problems. Yes, Your Honor. One, the government is supposed to tell them that the facts are there was X amount of narcotics. Two, the government has an obligation to give the true facts to the Court. Now, I'm not quite sure how you reconcile that, but what does the government do at the second sentencing hearing? Do they tell them what the true facts are or do they keep those facts from the Court? I think what the government should have done, Your Honor, was simply rely on the plea agreement. But, Counsel, when you answer Judge Reinhart's question, what about the PSR? Judge Reinhart's question presupposes that the government has to honestly respond to any questions, of course, from the bench. Unless you're talking — you want a new judge on remand, but you want a new PSR on remand? No, Your Honor. I think what Whitney and Aretia Morales make clear is that the government is allowed to refer the district court generally to the PSR. What it's not permitted to do is use inflammatory, over-the-top argument that is not commensurate with the sentence that it's seeking. Okay, so we're envisioning a remand to — you are envisioning a remand if we were to agree that the plea agreement was breached with a different judge and the same PSR. That's correct, Your Honor. Which is going to identify the correct — the larger quantity, 81 point whatever it is. Is that right? 81.9? It would be — the government would be permitted to refer the district judge to the PSR for purposes of factual determinations. But the plea agreement specifically specified is that the parties were bound by the facts as determined at the time the plea agreement was entered into. So, addressing the 3B1.2 issue, which I think is, at least in my estimation, is the most straightforward of the two issues we've raised, there are two main problems with what the district court did. First, the district court plainly did not apply the long-standing legal standard that this court has promulgated for both minimal and minor role calculations. I thought it articulated the right standard. Well — But then didn't do what it said. I think that's probably a correct way of stating it, Your Honor, with regard to the minimal role. He did articulate the substantially less culpable standard, but he didn't attempt to compare it to anyone. And even though my client at that point was the first defendant to be sentenced, there were several unusual, I would say compelling filings by the government itself that specified that my client was only minimally involved in this conduct. Most prominently, the chart that appears on pages 8 through 13 of the E.R., it's an actual culpability chart that ranks the defendants according to different categories in the government's own estimation  in a hypothetical case in chief at trial. And my client was one of only five defendants who was placed into the least culpable category, number four. My client was also only charged — I just want to mention, you have two minutes left to rebuttal. Certainly, I would like to reserve some time. Let me ask you one question, but I'll come out of your two minutes. Are you criticizing only or complaining only of the government's conduct at the sentencing? Or are you complaining about an invalidity in the plea agreement? No, we're complaining about the government's conduct in both the sentencing memorandum and during the sentencing here. We're not in any way trying to withdraw the plea or invalidity. I didn't ask whether you're trying to withdraw it. I'm trying to ask whether you are arguing that there is anything wrong with the plea agreement. No, we're not arguing that there's anything facially wrong with the plea agreement, Your Honor. Thank you. We're simply arguing that the government's conduct with regard to sentencing resulted in a breach. If there are no further — All right, we'll give you two minutes for rebuttal. Thank you very much, Your Honor. May it please the Court, good morning, Your Honors. Frances Lewis for the United States. With me at counsel table is Matt Jenkins. He was trial counsel for the United States in this case. Neither of the defendants' sentencing arguments has merit on this appeal. I want to start briefly with a comment he made about the minor rule comparison chart. Judge Otero requires the government to comply with his complex case management order. And I actually brought copies if the Court would like to see it, but it's docket 731. Judge Otero states very clearly that the designations, which are supposed to be rough culpability designations, shall not be binding on the U.S. Attorney's Office, meaning that the U.S. Attorney's Office may change its position regarding relative culpability at any time, including during plea negotiations, trial, or at sentencing. So I don't think it's accurate to suggest that that chart was somehow a commitment by the government that this defendant should not have been denied the minor rule adjustment. I also think defendant correctly acknowledges that the judge applied the correct standard in this case. At excerpt of Record 122, the Court said he was considering whether the defendant was, quote, substantially less culpable than the other participants. But then he doesn't really go through and compare him to any other participants. I think you're correct, Your Honor, that he doesn't name the other participants, but he does go through and detail this defendant's involvement in the conspiracy. But the minor rule adjustment is all about the comparison, right? I think it's about the individual defendant's participation in the crime for which he is charged with. I don't think Quintero Leyva, which articulated how the amendments affect the enhancement, which, of course, came out after this defendant was sentencing, walks through and talks about the degree to which the defendant participated in the conspiracy and the commission of the crime. It doesn't require that the Court name specific other individuals or that they walk through and decide that these defendants are more culpable, these defendants are less culpable. Is there some place where this, in this case, where the judge, forgive me for interrupting counsel, but your time's ticking, so to get to Judge Kaczynski's question because it's mine as well, is there anywhere where the district court compared this defendant's conduct to the conduct of the other participants? I would say that the court didn't verbally do so. But what I would point the record to is when the defendant's counsel did that comparison at excerpts of records 125 to 126, the court listened to that comparison and then rejected it. So I don't think the court has then required... Rejected it where? At excerpts of record 127. You mean expressly? ER 127 that the judge rejected that comparison? Yes, Your Honor, at excerpts of record... I'm sorry, where on 127 do you have a line? I say that, Your Honor? Do you have a line on... I don't mean, you know, you may not have it in front of you. I see Mr. Hague and then on line 15, the court. Who's Mr. Hague? That's defense counsel, Your Honor. Okay. And then, Your Honor, I would say defense counsel pages 125 to 126 discusses the defendant's relative culpability. And on ER 127, and I don't have the line number, but the quote is that the request is denied because there's no evidence to support it. So the court has plainly considered the arguments of relative culpability advanced by the defendant, the comparison the defense counsel has made, and the court's rejected it. And the court explicitly stated on ER 126 that defendant, as noted by the probation officer, is an associate sort of of the gang, but defendant conspired with other gang members to conduct drug sales in gang territory, and that he was involved in that activity for approximately seven years. But again, that's talking about the defendant's conduct and not comparing it. That's what I'm trying to get at. But maybe we have your best answer, which is the ER 127. Yes, Your Honor. And again, I would acknowledge that I don't think the court verbally named other defendants. I think it's implied based on the record. It's more than not the court verbally naming other defendants. What the district judge does there is drill down on Mr. Myers's criminal history. I mean, he's very detailed and he goes and he says there was, I mean, he lists various things      how that's any different from what the district judge does. I mean, he lists various things about the one criminal, the driving and so on. And he lists those specific things. So it's very different from considering criminal history, which is a different determination than determining minor wrong adjustment. I think, Your Honor, the emphasis that the court made was actually not necessarily criminal history. It was on the overt acts that the defendant admitted to as part of his involvement   This is page 127 starting line 18. So he has a manslaughter in 1993 that was not counted in this case. And then he goes over here and he lists he has a felony possession of a firearm in 1997 three criminal history points in 1998 I mean, this is what he says he focuses not only doesn't he compare him to other participants in this crime but talks about his conduct in other crimes which doesn't at all sound like you know quite unrelated. I mean, what does a man what does a man I'm sorry possession of a firearm in 1997 or the manslaughter in 1993 have to do with minor role adjustment? It doesn't, your honor. And I think by 127 it's clear that the court has ruled that the minor role adjustment Okay, so I'm looking on 127 and I'm trying to find Do you want the transcript to look at it? I have it in front of me now, your honor. I would say direct the attention starting to ER 126 Okay where the court on line 12 says the standard is whether the defendant is substantially less culpable than other participants and then he goes through and notes as I mentioned the overt acts that this defendant did lines 19 through 24 that he's involved in the sales of drug activity and details the sale of the assault rifle for gang activity and then the court concludes again the request for the adjustment is denied with the court would conclude this is the top of 127 there's no evidence to support it and this comes in the context of if you go back to 125 excuse me 122 where the court again states that it's intending to deny this based on his line 17 over 7 years involvement in the RICO conspiracy and again this is a 72 defendant RICO indictment there were a number of defendants who were indicted who had no assault rifle sales who had no gun possession charges who were just involved in drugs this is a defendant who as the court noted on 122 line 20 to 21 and 22 in the context of discussing the minor rule adjustment that this defendant in furtherance of the conspiracy included the sale of the assault rifle so I think it's plain in context even if the court didn't explicitly say the words I'm comparing him to other defendants given the context of sentencing I think it's clear that that's what the court was doing and that it was not clear error for the court to determine that this defendant didn't warrant a minor rule adjustment I want to turn briefly to the breach question I think the court has hit the nail on the head with this one the facts are what they are and if this court were to remand I think the government would likely be taking the exact same position and under the plea agreement the court did not excuse me under the plea agreement the government did not obligate itself to make a low end recommendation to take no position at sentencing the government was allowed to make whatever arguments it wanted under the 3553a factors the only commitment the government made in the plea  I don't have any questions about this PSR because the PSR states what it is but look at paragraph 30 paragraph 30 reiterates the parties promises ER 2829 of the plea agreement I'm sorry ER what 2829 28 to 29 yes I think I mumbled sorry I'm just looking at paragraph 30 in response to your statement what the government did or did not promise to do vis-a-vis the sentencing calculation I've cut you off but your time is ticking this is exactly my problem paragraph 30 says the parties promise to maintain their views that the agreement sentencing calculations are consistent with the facts of the case they weren't I disagree your honor the same provision permits the parties to submit factual information even if it may be inconsistent with the facts agreed to but it also says this does not affect the parties obligations not to I would point this court to is the factual basis of this plea the only commitment the government made with respect to facts on drug quantity is if you have a duty of candor to the court I'm having a problem internally with paragraph 30 am I correct in understanding this is used ubiquitously I don't agree with interpretation is ambiguous do you agree with that this language is ambiguous I don't understand what it means this paragraph does not affect the obligation not to contest the facts agreed to in this agreement that is correct your honor you didn't say that the facts were incorrect the facts that was agreed to in the agreement I just want to distinguish between the facts that was a fact agreement the way you interpreted this paragraph is obligating the government to maintain sentencing positions consistent with the facts I don't interpret this paragraph that way the government is trying to thread the needle between the government obligations to be candid with the court and provide correct information to the court what does that mean that's the label to identify that base offense level and the government agreed and did at all times urge the court to apply that base offense level not withstanding the fact that it was no longer factually accurate the government has to be truthful with the court at all times if you look at the table it at all times you can see    has to be truthful with the court at all times if you look at the court at all times you can see that the          times if you look at the court at all times you can see that the court has to be truthful  at laにし otro time if you look at all times all times  you look at look at all times if
judges: Reinhardt, Kozinski, Christen